**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WAYNE FARMS LLC | ) | Civil Action No.: 20-5191 |
| | ) | |
| Plaintiff, | ) | Judge Feinerman |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| JOHN DOE AND , | ) | |
| LINKEDIN CORPORATION | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**MOTION OF WAYNE FARMS LLC TO**
**EXTEND  TEMPORARY RESTRAINING ORDER**

Now comes Plaintiff, Wayne Farms LLC, ("Wayne Farms") by its attorneys, Ladas &

Parry LLP and hereby moves this court extend the *Ex Parte* Temporary Restraining Order

against Defendant JOHN DOE ("TRO" Docket Nos., 13 and 14) an additional fourteen days, or,

in the Court's discretion, convert to a Preliminary Injunction.

**NOTICE OF THE CURRENT TRO**

Notice of the TRO has been sent: (1) to counsel who stated he was representing

Defendant LinkedIn Corporation ("LinkedIn") on September 23, 2020 and (2) to JOHN DOE on

September 25, 2020 at the four electronic communication destinations, namely (a)

patrickwaynefarms@consultant.com; (b) patrickwaynefarms@outlook.com (c)  323 486-804

(text message) and (c) (204) 813-6903 (text message), no electronic "wrong number/wrong

address" messages having been received; (3) Wells Fargo Bank and BB & T Bank (Truist) by

Federal Express delivered September 21, 2020 and Fax to Wells Fargo September 23, 2020.

**NO APPLICATION TO AMEND HAS BEEN RECEIVED**

No response has been received from anyone other than LinkedIn.  As of this filing, JOHN

DOE has two days under Rule 65 (b) (4) – assuming his banks did not provide him notice in the

1

last five business days – but this Motion is filed to comply with the Court's three day advance notice rule on Motions. The TRO expires, by its terms, September 30, 2020.

## REASONS EXTEND TEMPORARY RESTRAINING ORDER

Rule 65 (b) (1) and (2) permit a Temporary Restraining Order without notice. This motion for extension, however, is being made with notice. JOHN DOE will have adequate time to appear on September 30, 2020.

Wayne Farms submitted (Docket No. 11) a Motion and two Declarations with 14 Exhibits, the Court finding the submission sufficient (Docket No. 13) and issuing the TRO (Docket 14). Since that time, while it appears that the fake Pat Gomez profile may have been taken down (as it should be) there has, as yet, been no response from the banks or JOHN DOE. Continuing the TRO "for like period" Rule 65 (b) (2) (second sentence.)

## THE COURT MAY ALTERNATIVELY ISSUE A PRELIMINARY INJUNCTION

Alternatively, the Court may issue a Preliminary Injunction. The basis remains, there are no new facts, other than it now appears the fake profile may have been taken down since the filing of the Complaint. There remains past trademark and copyright infringement, breach of the real Pat Gomez's right of publicity and or right of privacy to prevent false information from publication in order to solicit funds under false pretenses. As presented in the Complaint, the fake profile may have been taken down in the past and put back, so

## LEGAL STANDARDS FOR PRELIMINARY INJUNCTIONS

The elements for a Preliminary Injunction are the same as a Temporary Restraining Order and the equities have not changed. Wayne Farms (1) is reasonably likely to succeed on the merits; (2) has no adequate remedy at law; (3) will suffer irreparable harm absent injunctive relief – balanced against minimal, if any, harm to JOHN DOE and (4) the injunction is in the

public interest. See *Joelner v. Vill. of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir.

2004); *Long v. Bd. of Educ., Dist. 128*, 167 F.Supp.2d. 988, 990 (N.D.Ill.2001) ("The standards

for issuing temporary restraining orders are identical to the standards for preliminary

injunctions.")" *International Profit Associates Inc. v.  Paisola,* 461 F.Supp.2d 672 (N.D. Ill.,

2006) *See also Ebay Inc. v. Mercexchange, L. L. C*, 547 U.S. 388, 126 S. Ct. 1843, 164 L. Ed. 2d

625 (2006)

## **CONCLUSION**

JOHN DOE's fake profile and solicitation cannot be viewed as anything other than

calculated and intentional misappropriation having no justification whatsoever.  The fake profile

has been up and down, and back up, at least once before.  JOHN DOE was caught fairly quickly.

There is no reason to think that JOHN DOE would suffer anything other than having their

scheme halted.  The public would be well served by continuing the injunction against JOHN

DOE.  Accordingly, Wayne Farms respectfully prays that this Court extend the a Temporary

Restraining Order or convert it to a Preliminary Injunction on the same terms.

Respectfully submitted,

Date: September 25, 2020                              By:_____

David C. Brezina (ID3121581)
Attorneys for Plaintiff, Wayne Farms LLC


Ladas & Parry LLP
David C. Brezina
Boris Umansky
224 S Michigan Ave, #1600
Chicago, IL 60604
(312) 427-1300
dbrezina@ladas.net

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing will be filed in the Northern District of Illinois - CM/ECF LIVE, Document Filing System, which will forward copies thereof to any counsel of record.

I will also serve a copy by electronic mail to:

(1) Defendant LinkedIn

  Jason Skaggs
  Skaggs Faucette
  530 Lytton Avenue
  2nd Floor
  Palo Alto CA 94301
  jason@skaggsfaucette.com

(2) Defendant John Doe:
  patrickwaynefarms@consultant.com ; and
  patrickwaynefarms@outlook.com

Date of Signature: September 25, 2020

David C. Brezina