IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE FARMS LLC | ) | Civil Action No.: 20-5191 |
| | ) | |
| Plaintiff, | ) | Judge Feinerman |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| JOHN DOE AND , | ) | |
| LINKEDIN CORPORATION | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## MOTION OF WAYNE FARMS LLC FOR PRELIMINARY INJUNCTION

Now comes Plaintiff, Wayne Farms LLC, ("Wayne Farms") by its attorneys, Ladas & Parry LLP and hereby moves this court grant a Preliminary Injunction against Defendant JOHN DOE extending the same terms as the Temporary Restraining Order ("TRO" Docket Nos., 13 and 14, extended by Docket No. 17).

## NOTICE IN THESE PROCEEDINGS

(1) Defendant JOHN DOE has received Notice in four independent electronic forms of:

   a. the grant of the Ex Parte TRO, September 18, 2020, Notice of TRO by email to patrickwaynfarms@consultant.com and patrickwaynefarms@outlook.com and text to 323 486-804 and 204 813-6903;

   b. the Motion to Extend the TRO, by email to patrickwaynfarms@consultant.com and patrickwaynefarms@outlook.com;

   c. an image of the grant of the extension, October 12, 2020 with by text to 323 486-804 and 204 813-6903, requesting a telephone call or email;

   d. while we do not know if JOHN DOE specifically saw public information about the case, both counsel for LinkedIn and a practitioner unrelated to the case saw

1

news regarding the case, so the fact of the case is public and some of the pleadings are available for free on the website Courtlistener\Recap.

(2) Defendant LinkedIn has been made aware of the proceedings by exchange of courtesy copies with counsel, electronically:

   a. September 23, 2020 counsel had a telephone discussion with Counsel for LinkedIn in which copies of relevant documents were either sent or confirmed as having originated from some other source;

   b. September 25, 2020 LinkedIn counsel was electronically served with the Motion to Extend the TRO;

   c. September 28, 2020 LinkedIn counsel was electronically notified of the Extended TRO;

   d. October 1, 2020 LinkedIn counsel was electronically served a Subpoena;

   e. October 6, 2020 counsel electronically served a Response to the Subpoena, including certain documents, but objecting to personal information. A copy of the documents is attached hereto as Exhibit A. Among the data are, for JOHN DOE, new email addresses godsonnguyen101@gmail.com and butcherspride.frozenfoods@gmail.com with additional LinkedIn profiles.

(3) Third Parties – Banks and Microsoft

   a. Microsoft is implicated because of the use by JOHN DOE of the email address patrickwaynefarms@outlook.com "outlook.com" being a domain within the Microsoft system.

      i. Microsoft was subpoenaed September 14, 2020

      ii. Microsoft objected September 28, 2020; counsel is in communications with outside counsel for Microsoft

  b. BB and T Bank

      i. BB and T Bank is identified in Exhibit 12 to the Motion for the TRO (Docket 11) and in the Complaint (Par. 32, pages 9 – 10).

      ii. BB and T has presented the names BB and T, a/k/a Truist Corporation, a/k/a Truist Financial a/k/a Suntrust Bank a/k/a Truist fka Branch Banking and Trust Company.

      iii. BB and T, as Truist, was subpoenaed September 15, 2020 and on September 18, 2020 asked electronically requesting change from Truist Corporation to Truist Financial, the modified Subpoena emailed same day

      iv. Also September 18, 2020, Truist was noticed with the granted TRO.

      v. September 23, 2020 an Answer to the TRO was tendered by Truist fka Branch Banking and Trust Company.

      vi. Documents responsive to the Subpoena are yet outstanding. For BB and T – Truist, and Wells Fargo, below, telephone discussions illustrate a conundrum of banks not wanting to produce documents subject to a Subpoena, without identifying the name of the account holder, which, as the Complaint and Exhibits evidence, is difficult because the whole point of the Complaint is that JOHN DOE is using a fake name.

  c. Wells Fargo Bank

      i. Wells Fargo is identified in Exhibit 11 to the Motion for the TRO (Docket 11) and in the Complaint (Par. 32, pages 9 – 10).

    ii. Wells Fargo was subpoenaed, September 4, 2020, objected to an absence of a date on the Subpoena by telephone on Sepember 9, 2020, stating a letter was being sent, having not received the letter, they were Subpoenaed again September 14, 2020.

    iii. Wells Fargo stated in a letter dated September 14, 2020; postmarked September 17, 2020, that information would be made available September 28, 2020.

    iv. On September 18, 2020 a letter with the Temporary Restraining Order was sent on paper via Federal Express.  The letter include the screen shot identifying Wells Fargo (supra).  The letter was also sent via email to Wells Fargo Bank (reportphish@wellsfargo.com) because subject was fraud.

    v. On September 28, 2020 in two telephone message, a representative of Wells Fargo (believed to be "Vanessa") first said Wells Fargo would be producing a response to the Subpoena and in the second, objected to grammar/punctuation in the second Subpoena (the punctuation was the same as that to BB and T and Microsoft)  and then sent an email with link to document with objection.

    vi. Also on September 28, 2020 Wells Fargo dated a letter September 28, 2020, which letter was not postmarked until October 1, 2020 and was not received until October 7, 2020.  In this letter a need for more information (not an objection) was stated.

      vii. On October 1, 2020 extension of the TRO was reported to Wells Fargo by email to LOPSummonsSubpoenasElectronicDeliveryAZ@wellsfargo.com and reportphish@wellsfargo.com with a copy of the Order extending the TRO.

      i. October 7, 2020 in a telephone discussion with Wells Fargo representative "Heidi" prompted by the receipt of the September 28, 2020 letter nine days after the date on the letter, counsel was informed that who said Temporary Restraining Order response was sent September 27, 2020 and, when informed that counsel had yet to see it, stated that the Wells Fargo legal processing department would send by facsimile. This has not yet been seen by counsel. On October 7, 2020 a Fax was sent to Wells Fargo with the Order extending TRO; re-sent October 9, 2020. The Fax number was identified as the "main" number for what is known as the Legal Order Processing Department. Like with BB and T, Wells Fargo said it was unable to produce documents subject to a Subpoena without identifying the name of the account holder. It was pointed out that the Complaint and Exhibits evidence the whole point of the Complaint is that JOHN DOE is using a fake name. It was pointed out that Wells Fargo should already have the TRO.

  d. Conclusion regarding Third Parties

Microsoft is one of the largest entities in the world and is indirectly implicated because its email system is one used by JOHN DOE. It may well be that it legitimately takes some time and effort to obtain the information, and counsel has agreed to a nominal charge.

The banks do not appear to be paying much attention to the issue. They do not appear to be putting together their obligation to produce documents pursuant to the Subpoena and live up to the terms of the TRO (see, e.g. paragraph 5. c. "Provide a full accounting of activity in said accounts within ten days, which may be extended for good cause shown or by agreement with Plaintiff." Docket No. 14, page 5.) Wayne Farms does not waive, by not raising with this motion, it's right to seek a rule to show cause in the future, but this would be a separate issue from the one presented herein.

## **NO APPLICATION TO AMEND OR RESPONSE HAS BEEN RECEIVED**

There has never been a contest to the TRO. No application to amend the Ex Parte TRO was received. No opposition to extending the TRO has been presented, in writing or at the status conference October 1, 2020. LinkedIn has provided two additional means for electronic notice to JOHN DOE. Neither bank has identified a physical address, documents supporting an actual name, social security number or anything else, thus, notice to JOHN DOE can still only be made by electronic means.

However, electronic notice is singularly appropriate here because the fraud was perpetrated entirely electronically.

## **REASONS FOR A PRELIMINARY INJUNCTION**

Wayne Farms submitted (Docket No. 11) a Motion and two Declarations with 14 Exhibits, the Court finding the submission sufficient (Docket No. 13) and issuing the TRO (Docket 14). Having the updated facts presented October 1, 2020, the Court found the facts at that time to justify continuing the TRO. No objection being voiced, no harm to JOHN DOE being evident, LinkedIn being in communication, the potential harm to Wayne Farms and the public if the misconduct resumes, all support granting a Preliminary Injunction.

The basis remains, there are no contrary facts, although it now appears the fake profile may have been taken down by Linkedin since the filing of the Complaint. There remains past trademark and copyright infringement, breach of the real Pat Gomez's right of publicity and or right of privacy to prevent false information from publication in order to solicit funds under false pretenses. As presented in the Complaint, the fake profile may have been taken down in the past and put back, so there is a real possibility it could happen again if not preliminarily enjoined.

## LEGAL STANDARDS FOR PRELIMINARY INJUNCTIONS

The elements for a Preliminary Injunction require that Wayne Farms (1) is reasonably likely to succeed on the merits; (2) has no adequate remedy at law; (3) will suffer irreparable harm absent injunctive relief – balanced against minimal, if any, harm to JOHN DOE and (4) the injunction is in the public interest. See *Joelner v. Vill. of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004); *Long v. Bd. of Educ., Dist. 128*, 167 F.Supp.2d. 988, 990 (N.D.Ill.2001) Since the standards for a TRO are the same (("The standards for issuing temporary restraining orders are identical to the standards for preliminary injunctions.")" *International Profit Associates Inc. v. Paisola,* 461 F.Supp.2d 672 (N.D. Ill., 2006) *See also Ebay Inc. v. Mercexchange, L. L. C*, 547 U.S. 388, 126 S. Ct. 1843, 164 L. Ed. 2d 625 (2006)) the favorable evidence is unchanged, and there is no contrary evidence, a Preliminary Injunction should issue.

## ADDITIONAL FACTS FROM LINKED IN PRODUCTION

LinkedIn produced the attached documents in Exhibit A. The Subpoena described documents and information needed, itself including three attachments to illustrate the JOHN DOE account including the profile(s) and at least one communication apparently using LinkedIn as a communication service. LinkedIn had no problem understanding exactly the problem and in a matter of days (noting that they read about the Complaint in news and already had retained

counsel) LinkedIn propounded objections, not discussed here, generally based on JOHN DOE's privacy, but produced a number of additionally profiles that are inherently suspicious:

(1) We know the Fake Pat Gomez profile lists JOHN DOE as a Wayne Farms employee, but why does he have unpublished email addresses at the same time (June 2020):

   a. godsonnguyen101@gmail.com 6/16/20, 12:51 AM

   b. butcherspride.frozenfoods@gmail.com 6/22/20, 7:27 PM?

(2) Why does Fake Bright Lincon have the email address patrickwaynefarms@outlook.com, the same as JOHN DOE?

(3) Why would a legitimate Tristan Slessor, an employee of Best Buy, have the email address patrickwaynefarms@consultant.com, the same as JOHN DOE?

These are just on the face of the LinkedIn production. The questions are hypothetical. The answers are that JOHN DOE is perpetrating fraud and has at least three fake identities with overlapping email addresses on LinkedIn, one being patrickwaynefarms@ but a different name and different employer.

The evidence from July -- August is telling. JOHN DOE was soliciting orders using a fake identity and customers were deceived. The recently produced evidence tends to indicate he is operating similar fraud involving at least one other national company. He uses fake identities regularly, and three have been located because he has insufficiently covered his tracks, using overlapping email addresses.

More is implicated and there is nothing to exonerate JOHN DOE. Wayne Farms' case is enhanced by more evidence of bad intent and the public interest is heightened by involvement of at least one non-party victim.

## CONCLUSION

JOHN DOE's fake profile and solicitation cannot be viewed as anything other than calculated and intentional misappropriation having no justification whatsoever. The fake profile has been up and down, and back up, at least once before. JOHN DOE was caught fairly quickly, yet was apparently scheming using two other email addresses and at least one other entity as a potentially fake employer. There is no reason to think that JOHN DOE would suffer anything other than having their scheme halted. The public would be well served by preliminarily enjoining JOHN DOE. Accordingly, Wayne Farms respectfully prays that this Court grant a Preliminary Injunction on the same terms.

Respectfully submitted,

Date: October 12, 2020

By: *David C. Brezina*
David C. Brezina (ID3121581)
Attorneys for Plaintiff, Wayne Farms LLC

Ladas & Parry LLP
David C. Brezina
Boris Umansky
224 S Michigan Ave, #1600
Chicago, IL 60604
(312) 427-1300
dbrezina@ladas.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be filed in the Northern District of Illinois - CM/ECF LIVE, Document Filing System, which will forward copies thereof to any counsel of record.

I will also serve a copy by electronic mail to:

(1) Defendant LinkedIn

    Jason Skaggs
    Skaggs Faucette
    530 Lytton Avenue
    2nd Floor
    Palo Alto CA 94301
    jason@skaggsfaucette.com

(2) Defendant John Doe:
    patrickwaynefarms@consultant.com
    patrickwaynefarms@outlook.com
    godsonnguyen101@gmail.com
    butcherspride.frozenfoods@gmail.com

Date of Signature: October 12, 2020

*David C. Brezina* (signature)

David C. Brezina