**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WAYNE FARMS LLC | ) | Civil Action No.: 20-5191 |
| | ) | |
| Plaintiff, | ) | Judge Feinerman |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| JOHN DOE, A/KA GRACIE, | ) | |
| HENDERSON, A/K/A FRANK L | ) | |
| ANNESE and LINKEDIN | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendants | ) | |

## AMENDED COMPLAINT

Plaintiff, WAYNE FARMS LLC (hereafter sometimes "WAYNE FARMS") for its

complaint against Defendants, JOHN DOE and LINKEDIN CORPORATION alleges:

## PARTIES

(1)      Plaintiff, WAYNE FARMS, is a limited liability company organized under the

laws of Delaware, with its principal place of business located at 4110 Continental Drive,

Oakwood, GA 30566.

(2)           Defendant, JOHN DOE on information and belief, is an individual

soliciting fraudulent product orders, receiving money, copying at least infringing graphics,

counterfeiting trademarks and misappropriating a right of publicity in the United States,

including the Northern District of Illinois.  JOHN DOE, on information and belief has used the

names or is acting in concert with individuals who have maintained bank accounts used in the

fraudulent scheme under the names GRACIE HENDERSON and FRANK L ANNESE.  Plaintiff

pleads, in the alternative, that if they are separate individuals, on information and belief, the facts

1

being uniquely in the control of the co-conspirators, all knowingly conspired to conduct the fraud and committed acts in furtherance thereof. They will be collectively referred to as JOHN DOE.

(3)     Defendant LinkedIn Corporation is corporation that does substantial business in the Northern District of Illinois operating a social networking web site that provides a platform enabling JOHN DOE to promote his fraudulent transactions in the United States and the Northern District of Illinois.

(4)     WAYNE FARMS is the assignee of right of publicity rights directly relating to this action from its employee Patrick J. Gomez (hereafter sometimes "Real Pat Gomez") who is not a party to this litigation.

**JURISDICTION AND VENUE**

(5)     This action is for Federal trademark infringement, dilution, unfair competition and cybersquatting involving claims arising under  the Trademark Act of the United States commonly known as the Lanham Act 15 U.S.C. §§ 1051 et seq., for Federal Copyright infringement under the Copyright laws of the United States, 17 U.S.C. § 101  et seq, for state trademark infringement, injury to business reputation and dilution, deceptive trade practices, deceptive business practices and unfair competition under the laws of the State of Illinois, involving claims arising under the Trademark Registration and Protection Act, 765 ILCS § 1036 et seq., the Consumer Fraud Act 815 ILCS 505/2 et seq., Deceptive Trade Practices Act 815 ILCS 510/2 et. seq., and the common law and the assigned right of publicity rights of Real Pat Gomez under the laws of Illinois, Georgia and Arizona.

(6)     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state

law claims under 28 U.S.C. §§ 1338(b) and 1332, and since these claims are joined with substantial and related claims under the Trademark Laws of the United States.

(7)     Venue properly lies within the Northern District of Illinois pursuant to 28 U.S.C. § 1391as these causes of action arise as a result of the misrepresentations on JOHN DOE'S LinkedIn Profile a direct solicitation within this District and, based upon information and belief, JOHN DOE'S use of the email address, and LINKEDIN Profile and contents to solicit and misappropriate funds world wide including from businesses in this District.

(8)     WAYNE FARMS has, for many years, been engaged in processing, packing and otherwise selling variety of food products in this District, in the United States and internationally.

(9)     WAYNE FARMS has promoted its marks WAYNE FARMS and BARN, SILO and TREE DESIGN in traditional advertising and promotional channels and electronic media expending advertising and promotional efforts and incurring advertising and promotional expenses in support of said marks and has exclusively used the marks in commerce.

(10)     Over the years WAYNE FARMS, to protect its valuable trademark rights in its marks WAYNE FARMS and BARN, SILO and TREE DESIGN has obtained Federal Trademark Registrations duly issued from the United States Patent and Trademark Office, status copies showing title comprising the Exhibits below.  The Registrations are incontestable:

|  | Trademark | Reg # | Drawing | Goods |
|---|---|---|---|---|
| Exhibit 1 | WAYNE FARMS and BARN, SILO and TREE DESIGN | 4371372 |  | Poultry |

| Exhibit 2 | WAYNE FARMS and BARN, SILO and TREE DESIGN with CHINESE "big, powerful, healthy, earth" | 4683867 |  | Poultry |
| --- | --- | --- | --- | --- |
| Exhibit 3 | WAYNE FARMS | 980466 | **WAYNE FARMS** | Fresh dressed and frozen chickens |

(11)   WAYNE FARMS uses and promotes its company using the following artwork and mark, including promotion on its company website, a screen shot of the home page being shown in Exhibit 4, the website being located at www.waynefarms.com:



(12)   The WAYNE FARMS website includes current information regarding the company and the products and services it offers to customers, including the history of the company dating back to its founding in 1895.

(13)   By reason of WAYNE FARMS' long use, promotion and dissemination of its goods, its marks WAYNE FARMS and BARN, SILO and TREE DESIGN has caused such marks to have acquired recognition, and the relevant trade and public has come to recognize such marks as signifying Plaintiff.

(14)   Through this long use and promotion and due to the favorable recognition of WAYNE FARMS the mark has become famous as a designation of origin for poultry.

(15)    Patrick J. Gomez (hereafter sometimes "Real Pat Gomez") is Senior Sales Manager of Wayne Farms LLC.  His residence address is in, Tucson, AZ.   He has been employed in that position since 2017 and was National Account Manager from 2014 to 2017. Prior to that he has been in the poultry business since approximately 2000 and in foodservice since 1998.  He has had an accurate profile has been posted by him on the social network site LinkedIn since 2013.

(16)    Wayne Farms LLC is one of the largest poultry processing companies in the United States and the world.  It has been in business, itself and through predecessors, since 1895. WAYNE FARMS has built an enviable reputation for the quality of its products and is favorably regarded for its business practices.

(17)    On or about July 20, 2020 the Real Pat Gomez learned that someone (hereafter sometimes "fake Pat Gomez" or "John Doe") was claiming to be him and contacting customers. The fake Pat Gomez used an email address "patrickwaynefarms@consultant.com".  A copy of a screen shot of the fake profile is in Exhibit 5 and reproduced below:



Scrolling down to the email address shows:



(18)    The real Pat Gomez began investigating and discovered the fake Pat Gomez

account on LinkedIn.  He specifically followed the Linkedin "Reporting Fake Profiles"

6

instructions and procedures to report the fake Pat Gomez profile was fake on about July 25, 2020.

(19)    On or about July 25, 2020 the real Pat Gomez also posted a message on his own LinkedIn account that there was a fake profile and the account was a fraud and that the contacts and associates of the real Pat Gomez needed to beware of contacts from the fake Pat Gomez.

(20)    The fake Pat Gomez profile and other aspects of the account briefly were unviewable on LinkedIn.

(21)    On August 5th, 2020 the real Pat Gomez and other employees of WAYNE FARMS noticed the fake Pat Gomez profile and other aspects of the account was back up and running.

(22)    On August 5th, 2020 WAYNE FARMS employee Andrew Piper submitted two notifications following the LinkedIn "Reporting Fake Profiles" instructions and procedures notifying linked in that this was an imposter account, and an account violating LinkedIn standards.

(23)    The fake Pat Gomez profile and account remained available on LinkedIn until the filing of the original Complaint.  WAYNE FARMS received inquiries from international buyers about "order status" when, in fact, no order was placed with WAYNE FARMS.

(24)    On information and belief orders requesting deposits of money and money purporting to be deposits against those orders was solicited and received by fake Pat Gomez/John Doe as a result of the use of counterfeit trademarks, misappropriated copyrighted art and literature, made credible by the fake Pat Gomez profile.

(25)    On August 11, 2020 WAYNE FARMS was contacted by EMPLOYEE 1 in Italy asking to verify if fake Pat Gomez worked for us as they were about to wire funds.  WAYNE

FARMS advised he did not that that he was a fraud. They had placed an order.

(26) On August 17, 2020 WAYNE FARMS was contacted by CUSTOMER 1, who had been solicited by the fake Pat Gomez to induce them to place an order. WAYNE FARMS notified them he was a fraud.

(27) WAYNE FARMS employee Rose Locke, specifically followed the Linkedin "Reporting Fake Profiles" instructions and procedures to report the fake Pat Gomez profile on August 19, 2020.



(29) Also on August 19, 2020, Andrew Piper filed another fake profile report with LinkedIn. There are multiple defects in the fake Pat Gomez profile:

(a) Being used fraudulently, it violates LinkedIn's Terms of use;

(b) The fake Pat Gomez is impersonating the real Pat Gomez.

(30) Screen shots of portions of the August 19, 2020 reports by Mr. Piper to LinkedIn include:





(31)     The August 19, 2020 reports were tried on both personal computer and mobile systems provided by LinkedIn for reporting. On August 21, 2020 EMPLOYEE 2 of CUSTOMER 3 contacted WAYNE FARMS and advised them that he was being contacted by the fake Pat Gomez. Again WAYNE FARMS notified him this was fraud, and to contact LinkedIn. He indicated that he did contact LinkedIn.

(32)     On August 20, 2020 WAYNE FARMS was contacted by CUSTOMER 2.

WAYNE FARMS notified them he was a fraud and asked that they notify LinkedIn of the fraud.

(33)     On August 25, 2020 WAYNE FARMS was able to receive texts from the phone number reported as JOHN DOE's banking details as shown, for two different bank accounts, with details redacted from this filing, subsequent investigation identifying FRANK L ANNESE as the owner of the Wells Fargo account and GRACIE HENDERSON the BB & T Account:

Wells Fargo Account xxxx6603          BB&T Bank Account xxxx6395

August 26, 2020                               August 28, 2020

          

(34)     On or about August 31, 2020 CUSTOMER 4 was solicited by JOHN DOE to make a deposit on an order.  CUSTOMER 4 has a place of business in the Northern District of Illinois.  CUSTOMER 4 checked the authenticity of the contact with WAYNE FARMS and was informed that the solicitation was inauthentic.

(35)         WAYNE FARMS has used the marks WAYNE FARMS and BARN, SILO and TREE DESIGN and has owned the registrations in Exhibits 1, 2 and 3 long prior to JOHN DOE's first use of the counterfeit mark WAYNE FARMS.  JOHN DOE's use of the counterfeit WAYNE FARMS and a BARN, SILO and TREE DESIGN under the circumstances involved will cause a likelihood of confusion, mistake or deception of a not insignificant number of prospective purchasers into believing that there is some affiliation, association or common source of sponsorship with Plaintiff's marks WAYNE FARMS and BARN, SILO and TREE DESIGN for providing psychological assessments for individual and business purposes, or with Plaintiff's products, services or business.

(36)         A version of the WAYNE FARMS website was created by WAYNE FARMS employees and in its present version was fixed in a tangible medium of expression on or about April 1, 2015.  Copyright Reg. No. TX 8160962 , title: "Wayne Farms 2015 Website", issued with an effective date of Apr 29, 2015

(37)         JOHN DOE's use of the counterfeit WAYNE FARMS, the BARN, SILO and TREE DESIGN, including the fake LinkedIn Profile and related information will cause, and is likely to cause, confusion and mistake with Plaintiff's products and services, disseminated or sold in connection with Plaintiff's marks WAYNE FARMS and BARN, SILO and TREE DESIGN, or Plaintiff's business so as to deceive consumers, the trade and others, and thereby constitutes an infringement of Plaintiff's rights through unfair competition and false designation of origin.

(38)         Upon information and belief, the counterfeit WAYNE FARMS mark and BARN, SILO and TREE DESIGN, are being used by the JOHN DOE to divert sales of WAYNE FARMS product and/or as part of a scheme to defraud customers and potential customers of

11

WAYNE FARMS through the submission of fraudulent invoices soliciting payment to a specifically identified bank accounts at BB&T Bank and Wells Fargo bank.

(39)        Products processed, packed, sold or intended for sale under JOHN DOE'S counterfeit WAYNE FARMS mark, the BARN, SILO and TREE DESIGN, and sold using the content including the fake LinkedIn Profile and related information could move through similar channels of trade, or be promoted to the same or similar classes of prospective purchasers or end-users, or to the same or similar prospective purchasers as WAYNE FARMS' products.

(40)        Persons familiar with WAYNE FARMS' marks and business are likely to be confused, mistaken and/or to be deceived upon seeing JOHN DOE's use of the counterfeit WAYNE FARMS, the BARN, SILO and TREE DESIGN, including the fake LinkedIn Profile and related information are therefore likely to believe that JOHN DOE's business is endorsed by, sponsored by, or emanates from, or in some way is connected with WAYNE FARMS or with the marks WAYNE FARMS and the BARN, SILO and TREE DESIGN , the domain name, the website content or variations thereof.

(41)        WAYNE FARMS will be unable to police the nature and quality of goods sold by the counterfeit WAYNE FARMS under the problematic marks at issue or of variations thereof.  The sale or prospective sale by JOHN DOE of products or services, and the receipt of funds solicited under  the counterfeit WAYNE FARMS and BARN, SILO and TREE DESIGN, including the fake LinkedIn Profile and related information, will also blur and diminish the distinctive quality of WAYNE FARMS' marks WAYNE FARMS and the BARN, SILO and TREE DESIGN, the domain name and the website content and lessen its capacity to identify and distinguish the products and services of WAYNE FARMS.

(42)     Use by JOHN DOE of the counterfeit marks, fake LinkedIn Profile and content at issue, or variations thereof, is without WAYNE FARMS' consent or permission.

(43)     Upon information and belief, the counterfeit WAYNE FARMS, with knowledge of Plaintiff's marks WAYNE FARMS and BARN, SILO and TREE DESIGN including the fake LinkedIn Profile and related information in willful disregard of WAYNE FARMS' rights, is engaging in a deliberate course of conduct designed to appropriate the goodwill associated with WAYNE FARMS' marks, domain name and content.

(44)     JOHN DOE has, on information and belief, intentionally and willfully attempted to trade upon the goodwill of WAYNE FARMS.

(45)     JOHN DOE's use of a mark, name or content which is confusingly similar to WAYNE FARMS' marks WAYNE FARMS and the BARN, SILO and TREE DESIGN, including the fake LinkedIn Profile and related information will irreparably harm Plaintiff by diminishing the reputation and goodwill of WAYNE FARMS' marks WAYNE FARMS and BARN, SILO and TREE DESIGN.  The public association of the marks WAYNE FARMS and BARN, SILO and TREE DESIGN with WAYNE FARMS' products is sufficiently great that the use by another of the mark at issue under the circumstances at issue for JOHN DOE'S products, proposed products or fraudulent solicitation of orders will inevitably cause the trade or consumers to believe that it is produced, authorized, licensed, or sponsored by WAYNE FARMS or that it is somehow connected with WAYNE FARMS.

(46)     Defendant LINKEDIN has been acting, at all times relevant, as a service provider enabling the promotion by JOHN DOE of the wrongful acts complained of herein.  As such, LINKEDIN provides a structure which its subscribers use to upload content written or otherwise prepared, selected, and uploaded solely by the subscribers.  As such, LINKEDIN is

13

neither a publisher nor speaker, merely providing a service to others for them to publish their speech.

(47)     LINKEDIN was notified on multiple occasions of the fake Pat Gomez profile uploaded by JOHN DOE but failed to adequately investigate, knew of the fraud and despite being put on notice repeatedly, continued to enable JOHN DOE to use its service to promote his fraud.   LINKEDIN continued, however, to take advantage of all of its marketing advantages by hosting JOHN DOE's fake Pat Gomez profile and information.

(48)     Although fraudulent, JOHN DOE's misappropriation of the name and identity of the real Pat Gomez is use of his name and identity for commercial purposes in violation of the right of publicity of the real Pat Gomez.

(49)     JOHN DOE's misappropriation of the name and identity of the real Pat Gomez and use to commit fraud including taking orders that are not shipped places the real Pat Gomez in a false light.

## COUNT I

### (Federal Trademark Infringement)

(50)     WAYNE FARMS realleges and incorporates herein by this reference the allegations contained in paragraphs 1 - 48 hereof as if set forth in full.

(51)     JOHN DOE's unauthorized use in commerce of  the counterfeit WAYNE FARMS and BARN, SILO and TREE DESIGN, including the fake LinkedIn Profile and related information with respect to JOHN DOE's products and solicitation of orders is likely to result in confusion, deception, or mistake and therefore constitutes an infringement of WAYNE FARMS' registered trademarks under 15 U.S.C. §1114.

14

(52)        JOHN DOE  has used and is continuing to use  the counterfeit WAYNE

FARMS and BARN, SILO and TREE DESIGN, including the fake LinkedIn Profile and related

information with full knowledge of WAYNE FARMS' prior rights and with the intent and

purpose to trade upon the goodwill of WAYNE FARMS' marks, therefore JOHN DOE'S

infringement is thus willful and deliberate.

## COUNT II

### (Federal Trademark Counterfeiting)

(53)        WAYNE FARMS realleges and incorporates herein by this reference the

allegations contained in paragraphs 1 - 48, 50 – 51  hereof as if set forth in full.

(54)        JOHN DOE's use in commerce of the counterfeit WAYNE FARMS, and

BARN, SILO and TREE DESIGN trademarks, including the fake LinkedIn Profile and related

information with respect to JOHN DOE's products and solicitation of orders is use of a spurious

mark which is identical with, or substantially indistinguishable from registered marks of

WAYNE FARMS and JOHN DOE is offering for sale goods identical to registered goods.

(55)        JOHN DOE has not been authorized to use WAYNE FARMS' marks at

any time.

(56)        JOHN DOE  acted with express knowledge of his counterfeit use and

intent to deceive prospective purchasers.

(57)        JOHN DOE is guilty of trademark counterfeiting and willful and

intentional trademark counterfeiting under 15 U.S.C. 1114, 1116, 1117.

## COUNT III

### (False Designation of Origin Under Federal Law)

15

(58)     WAYNE FARMS realleges and incorporates herein by this reference the allegations contained in paragraphs 1 - 48, 50 and 51, 52 - 55 of this Complaint as if set forth in full.

(59)     JOHN DOE's unauthorized use in commerce of the counterfeit WAYNE FARMS and BARN, SILO and TREE DESIGN , including the fake LinkedIn Profile and related information constitutes a false designation of origin and a false or misleading representation of fact that is likely to confuse or deceive consumers, or cause consumers to believe mistakenly that the counterfeit WAYNE FARMS and/or its goods are made or produced and/or its services offered by Plaintiff or are otherwise affiliated, connected, or associated with, or sponsored or approved by Plaintiff and therefore constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

(60)     JOHN DOE's use in commerce of the counterfeit WAYNE FARMS and BARN, SILO and TREE DESIGN, including the fake LinkedIn Profile and related information in connection with JOHN DOE's marketing, distribution, promotion and sale to the consuming public of its goods and its solicitation of funds under those marks, the domain name www.waynefoodcoltd.com, the website content or variations thereof including the LinkedIn Profile and related information constitutes a misappropriation of the distinguishing and identifying features which WAYNE FARMS created through substantial effort and expense, thus evoking from the trade, consumers and others an immediate commercial impression or association favorable to the counterfeit WAYNE FARMS, based on and derived from WAYNE FARMS' marks WAYNE FARMS and BARN, SILO and TREE DESIGN, domain name and website content and the goodwill associated therein.

16

(61)        JOHN DOE's use of the counterfeit WAYNE FARMS BARN, SILO and

TREE DESIGN, including the LinkedIn Profile and related information constitutes false

representations that the counterfeit WAYNE FARMS has some connection or association with,

or sponsorship by WAYNE FARMS, and that the products and deliveries of products identified

with WAYNE FARMS are available from and will be performed by JOHN DOE.

(62)        Said actions of JOHN DOE constitute violations of 15 U.S.C. §1125(a) in

that such false designation and representations of origin and quality are used on or in connection

with the products that JOHN DOE causes to enter into, or to affect commerce, which may

lawfully be regulated by Congress.

(63)        JOHN DOE has used and is continuing to use the counterfeit WAYNE

FARMS mark or variations thereof with full knowledge of WAYNE FARMS' rights, and based

upon information and belief, said actions by JOHN DOE are with an intent and purpose to trade

upon the goodwill of WAYNE FARMS' marks WAYNE FARMS and BARN, SILO and TREE

DESIGN, domain name and website content. JOHN DOE'S infringement is thus willful and

deliberate.

## **COUNT IV**

### **(Dilution Under Federal Law)**

(64)        WAYNE FARMS realleges and incorporates herein by this reference the

allegations contained in paragraphs 1 - 48, 50 and 51, 53 – 56, 58 – 62 hereof as if set forth in

full.

(65)        The use by JOHN DOE of the counterfeit WAYNE FARMS and BARN,

SILO and TREE DESIGN, all of which occurred after WAYNE FARMS's marks became

famous, will dilute and tarnish the distinctive quality of WAYNE FARMS' exceptionally well-

17

known and famous trademarks WAYNE FARMS and BARN, SILO and TREE DESIGN, and therefore constitutes federal trademark dilution pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. §§ 1125(c), as amended by the Federal Trademark Dilution Act of 1995.

(66)        JOHN DOE has used and continues to use  the counterfeit WAYNE FARMS with full knowledge of WAYNE FARMS' long prior rights and fame of the marks WAYNE FARMS and BARN, SILO and TREE DESIGN and said use by JOHN DOE, based upon information and belief, are with a deliberate intent and purpose to trade upon the goodwill of WAYNE FARMS' marks WAYNE FARMS and BARN, SILO and TREE DESIGN or variations thereof or to dilute the distinctive quality thereof, blur. tarnish and diminish the distinctive quality of WAYNE FARMS' marks WAYNE FARMS and BARN, SILO and TREE DESIGN and lessen their capacity to identify and distinguish the products of WAYNE FARMS.

## COUNT V

### (Copyright Infringement)

(67)        WAYNE FARMS realleges and incorporates herein by this reference the allegations contained in paragraphs 1 - 48, 50 and 51, 53 – 56, 58 – 62, 64 and 65, hereof as if set forth in full.

(68)        WAYNE FARMS owns US  Copyright Reg. No. TX 8160962 , title: Wayne Farms 2015 Website, issued with an effective date of Apr 29, 2015, which registration is for a work that includes primarily text, but also includes graphic elements such as WAYNE FARMS' "Barn and Silo" design.

(69)        JOHN DOE has copied at least one or more of the graphic elements and on information and believe has at least created an electronic copy of portions of the WAYNE FARMS website.

18

(70)     WAYNE FARMS having established ownership and copying is entitled to judgment of copyright infringement, its actual damages, lost profits, the infringer's profits, or alternatively statutory damages, yet the monetary damages are inadequate remedies for the harm suffered and the threat of future harm and WAYNE FARMS is entitled to equitable relief as well.

## COUNT V

## (Contributory Infringement)

(71)     WAYNE FARMS realleges and incorporates herein by this reference the allegations contained in paragraphs 1 - 48, 50 and 51, 53 – 56, 58 – 62, 64 and 65, 67 - 69 hereof as if set forth in full.

(72)     On information and belief, LINKEDIN's social networking business derives revenue from fees and advertising which revenue is affected by the number of listings, profiles and the like that users write and upload to the site, the more listings and volume of content, the greater the revenues.

(73)     While LINKEDIN has nominal Terms of Service that bar fraud, the tools used by LINKEDIN to receive notice of fraud are woefully inadequate and do not provide any feedback, response or other proof that LINKEDIN actually investigates the claims of fraud.   In this particular instance, the fake Pat Gomez profile was reported July 5, 2020, July 19, 2020 and August 19, 2020 yet a fake Pate Gomez profile is still apparent on August 28, 2020.  LINKEDIN never reported back to the aggrieved party, Real Pat Gomez the results of its investigation and never contacted WAYNE FARMS for such minimal things as verification of employment.

19

(74)        Despite multiple notice and weeks to cure the fraud, LINKEDIN continues to supply its product to JOHN DOE whom it knows or has reason to know is engaging in trademark and copyright infringement.

(75)        By reason of the foregoing, LINKEDIN is vicariously liable for contributory infringement.

## COUNT VI

### (False Light Privacy and Right of Publicity)

(76)        WAYNE FARMS realleges and incorporates herein by this reference the allegations contained in paragraphs 1 - 48, 50 and 51, 53 – 56, 58 – 62, 64 and 65. 67 – 70, 72 - 74 hereof as if set forth in full.

(77)        WAYNE FARMS as assignee of right of publicity and related rights from its employee Patrick J. Gomez (hereafter sometimes "Real Pat Gomez") asserts that JOHN DOE has violated Real Pat Gomez's rights, derived from right of privacy, including, at least, use of Real Pat Gomez's name and employment information, for the commercial purpose of committing fraud, and that said fraud places Real Pat Gomez in a false light and is harmful and offensive to his reputation.

(78)        JOHN DOE is at least offering product and engaging in actions to obtain funds from victims and accordingly is committed acts for commercial purposes within the meaning of the Illinois Right of Publicity statute 765 ILCS 1075 and is using the fake Pat Gomez name commercially within the meaning of the common law if Illinois and other states implicated in the creation and use of the Fake Pat Gomez profile, name and email address and accordingly JOHN DOE is using the Fake Pat Gomez profile, name and email address for his commercial benefit.

20

(79)        JOHN DOE at least uses the Fake Pat Gomez profile name and email address which use clearly is identifiable as referring to the Real Pat Gomez.

(80)        JOHN DOE's use of at least uses the Fake Pat Gomez profile name and email address is done without the permission of the Real Pat Gomez.

(81)        JOHN DOE's use of at least uses the Fake Pat Gomez profile name and email address is done to falsely convey a connection to the Real Pat Gomez and to falsely indicate authenticity of fraudulent orders when, on information and belief, JOHN DOE wrongfully keeps any deposits personally.

(82)        The foregoing are violations of the Real Pat Gomez's right of publicity and place the Real Pat Gomez in a false light.

## COUNT VII

### (Vicarious Liability)

(83)        WAYNE FARMS realleges and incorporates herein by this reference the allegations contained in paragraphs 1 - 48, 50 and 51, 53 – 56, 58 – 62, 64 and 65. 67 – 70, 72 - 74, 76 - 81 hereof as if set forth in full.

(84)        On information and belief, LINKEDIN's social networking business derives revenue from fees and advertising which revenue is affected by the number of listings, profiles and the like that users write and upload to the site, the more listings and volume of content, the greater the revenues.

(85)        While LINKEDIN has nominal Terms of Service that bar fraud, the tools used by LINKEDIN to receive notice of fraud are woefully inadequate and do not provide any feedback, response or other proof that LINKEDIN actually investigates the claims of fraud.   In this particular instance, the fake Pat Gomez profile was reported July 5, 2020, July 19, 2020 and

August 19, 2020 yet a fake Pate Gomez profile is still apparent on August 28, 2020.  LINKEDIN never reported back to the aggrieved party, Real Pat Gomez the results of its investigation and never contacted WAYNE FARMS for such minimal things as verification of employment.

(86)     Despite multiple notice and weeks to cure the fraud, LINKEDIN continues to supply its product to JOHN DOE whom it knows or has reason to know is engaging in posting a fake profile.

(87)     By reason of the foregoing, LINKEDIN is vicariously liable for its assistance in enabling and failure to take down the fake profile.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF WAYNE FARMS prays for judgment as follows:

1.    That the email address patrickwaynefarms@consultant.com and patrickwaynefarms@outlook.com  be transferred to WAYNE FARMS, and JOHN DOE and ANNESE and HENDERSON provide and transfer all sign in, user id and password information to immediately accomplish that transfer.

2.    That JOHN DOE and ANNESE and HENDERSON be enjoined and restrained from:

   a.  using the WAYNE FARMS Trademarks or any reproduction, counterfeit copy or colorable imitation thereof in any manner in connection with the distribution, advertising, offering for sale, or sale of any product that is not a genuine WAYNE FARMS product or not authorized by WAYNE FARMS to be sold or offered for sale  in connection with the WAYNE FARMS Trademarks;

   b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine WAYNE FARMS Product or any other product produced by

22

WAYNE FARMS, that is not WAYNE FARMS' or not produced under the authorization, control or supervision of WAYNE FARMS and approved by WAYNE FARMS for sale under the WAYNE FARMS Trademarks;

c. committing any acts calculated to cause customers or potential customers to believe that JOHN DOE AND ANNESE AND HENDERSON's products are sold or offered for under the authorization, control or supervision of WAYNE FARMS, or are sponsored by, approved by, or otherwise connected with WAYNE FARMS;

d. infringing the WAYNE FARMS Trademarks and damaging WAYNE FARMS' goodwill;

e. otherwise competing unfairly with WAYNE FARMS

f. deceiving customers or prospective customers in any manner;

g. copying, displaying, publishing, distributing any work that is substantially similar to the content of the WAYNE FARMS website or derived therefrom;

h. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for WAYNE FARMS, nor authorized by WAYNE FARMS to be sold or offered for sale, and which bear any of the WAYNE FARMS Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

i. using, linking to, transferring, selling, exercising control over, operating or changing ownership or registration of any counterfeit WAYNE FARMS email address or domain name, business to business listing or social networking

account that is being used to sell or is the means by which the JOHN DOE and

ANNESE and HENDERSON could continue to sell or offer for sale

deceptively indicated as WAYNE FARMS Products; and

j.  operating any business using electronic means of communication and/or

hosting websites at the DOMAIN NAME and any other domain names

registered or operated by JOHN DOE and ANNESE and HENDERSON using

the term "WAYNE" that are involved with the distribution, advertising,

offering for sale, or sale of any product, or soliciting contracts, soliciting

deposits, shipments, offers, acceptance of offers or payment of funds using

any communication bearing the WAYNE FARMS Trademarks or any

reproduction, counterfeit copy or colorable imitation thereof that is not a

genuine WAYNE FARMS Product being offered for sale in that transaction

by WAYNE FARMS, or communication or not authorized by WAYNE

FARMS to be sold or offered for sale  in connection with or communicated

using the WAYNE Trademarks.

3.  JOHN DOE AND ANNESE AND HENDERSON's account contents with LINKEDIN

are temporarily, preliminarily and permanently seized and frozen pursuant to 15 U.S.C.

1116 (d).

4.  Those in privity with JOHN DOE and ANNESE and HENDERSON and with actual

notice of this Order, including, but not limited to LINKEDIN, shall transfer all electronic

documentation comprising or consisting of the contents of JOHN DOE and ANNESE

AND HENDERSON's account to WAYNE FARMS.

5.  The banks, savings and loan associations, payment processors, clearing houses, or other

financial institutions with whom JOHN DOE and ANNESE and HENDERSON has accounts shall:

    a. Locate all accounts and funds connected to the counterfeit WAYNE FARMS, JOHN DOE AND ANNESE AND HENDERSON's Accounts or JOHN DOE AND ANNESE AND HENDERSON's email account or websites, and

    b. Restrain and prevent such accounts from receiving, transferring or disposing of any money or other of JOHN DOE AND ANNESE AND HENDERSON's assets except as ordered by this Court.

    c. Funds in the above accounts shall be forfeit and transferred to WAYNE FARMS in satisfaction of the judgment of this Court

6. JOHN DOE AND ANNESE AND HENDERSON, any officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with him, his email provider, any domain name registry(ies) or website host shall preserve copies of all materials, data and documents that relate, refer to or reflect the use, registration and content enjoined in the preceding paragraphs, third party processors, banks, financial clearing houses and other payment processing service providers, shippers, domain name registrars and domain name registries (collectively, the "Third Party Providers") shall, preserve copies of all documents and records in such person's or entity's possession or control relating to Defendant.

7. JOHN DOE and ANNESE and HENDERSON and any other parties subject to this Order may appear and move to modify the Order. Any and all bond posted by WAYNE FARMS shall be returned to WAYNE FARMS or its counsel

8.     That PLAINTIFF WAYNE FARMS be awarded not less than the greater of the profits secured by JOHN DOE and ANNESE and HENDERSON as a result of its unlawful activities, that said award be trebled as provided by law or statutory damages in an amount determined by the Court for willful use of a counterfeit mark, or both.

9.     That PLAINTIFF WAYNE FARMS be awarded punitive and exemplary damages in such amount as the Court shall find sufficient to deter JOHN DOE AND ANNESE AND HENDERSON'S willful unlawful conduct.

10.     That PLAINTIFF WAYNE FARMS be awarded its costs incurred in this action, including its reasonable attorneys' fees.

10.     That JOHN DOE and ANNESE and HENDERSON be required to file with this Court and serve upon Plaintiff within ten (10) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of JOHN DOE AND ANNESE AND HENDERSON's compliance with the Court's order.

11.     That PLAINTIFF WAYNE FARMS have such other and further relief as is warranted by the facts established at trial or which this Court may deem as just and equitable.

Respectfully submitted,

/David C Brezina/

October 26, 2020

By: David C Brezina
One of Plaintiff's attorneys

David C. Brezina
Boris Umansky
Ladas & Parry LLP
224 S. Michigan Ave. Suite 1600
Chicago, Illinois 60604
(312) 427-1300

26