IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE FARMS LLC | ) | Civil Action No.: 20-5191 |
| | ) | |
| Plaintiff, | ) | Judge Feinerman |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| JOHN DOE AND , | ) | |
| LINKEDIN CORPORATION | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**MOTION OF WAYNE FARMS LLC FOR DEFAULT JUDGMENT
AGAINST JOHN DOE**

Now comes Plaintiff, Wayne Farms LLC, ("WAYNE FARMS") by its attorneys, Ladas & Parry LLP and hereby moves this court find Defendant JOHN DOE in default and grant a Default Judgment against JOHN DOE and in favor of WAYNE FARMS.

I. **PROCEDURAL HISTORY**

This case was initiated so as to be under seal with an Ex Parte Temporary Restraining Order (TRO) including, inter alia, freezing of JOHN DOE's ill-gotten gains by including his bank accounts in the TRO, this record being reflected in Dockets 1 - 14.

This Court issued a Temporary Restraining Order (TRO). (Dockets 13, 14) extended TRO (Docket 18) and Preliminary Injunction, (Dockets 22, 27) all involved, by definition, evaluation of WAYNE FARMS' likelihood of success. As of this writing JOHN DOE has done nothing, other than send a "Read" receipt to the email serving Summonses, Amended Complaint and Exhibits 1, 2, 3 and 4.

1

II. **NOTICE TO JOHN DOE**

Notice to JOHN DOE has been provided in multiple independent electronic forms specific addresses being added when discovery responsive to Subpoenae made them available including the following

1) On September 25, 2020, the Motion to extend the TRO, (Docket 16) including notice to Defendant John Doe: patrickwaynefarms@consultant.com and patrickwaynefarms@outlook.com, (Exhibit 15)

2) On September 25, 2020, the Motion to extend the TRO was sent by text transmission to two numbers shown in communications from JOHN DOE 323 486-804 and 204 813-6903 (Exhibit 16). A photographic image of Docket 17 was attached.

3) By October 12, 2020, discovery (Docket 25-1) had identified two additional emails used by JOHN DOE, for two other fake profiles (under different names) on LinkedIn.

4) Notice of both the Order extending the TRO (Docket 18) and the Motion for a Preliminary Injunction (Dockets 19 Main and 19-1) were sent to "patrickwaynefarms@consultant.com"; "patrickwaynefarms@outlook.com"; godsonnguyen101@gmail.com "butcherspride.frozenfoods@gmail.com" (Exhibit 17 to Motion for Default)

5) On October 12, 2020 a text was also sent, advising of newly filed papers. (Exhibit 16, *supra*)

6) By October 26, 2020, discovery had identified two aliases on the bank accounts[1]. WAYNE FARMS filed an Amended Complaint: On October 26, 2020 Notice of Filing and the Amended Complaint were sent to "patrickwaynefarms@consultant.com"; patrickwaynefarms@outlook.com"; godsonnguyen101@gmail.com "butcherspride.frozenfoods@gmail.com" (Exhibit 18 to the Motion for Default)

7) On November 2, 2020, Docket 27 the Court entered the Preliminary Injunction, the Order being sent November 12 to "patrickwaynefarms@consultant.com"; patrickwaynefarms@outlook.com"; godsonnguyen101@gmail.com "butcherspride.frozenfoods@gmail.com" (Exhibit 19 to Motion for Default)

8) Prior to the Preliminary Injunction, and consistent with the new names identified in the Amended Complaint, on October 28, 2020 a Motion (Docket 25) had been filed to Authorizing Issue of Summons and for Electronic Service of Summons and Complaint (although there had been actual notice on numerous occasions, subparagraphs a. – e. above, authorization for summons to meet Rule 4 was sought) which was granted and an Order including, *inter alia* "Plaintiff may serve summonses and the complaint by electronic means" issued November 1, 2020, Docket 26. Personal service of the alias summonses was tried and was ineffective, the persons with the alias names not being found at the addresses in the bank records, accordingly, electronic service by email and by publication was completed November 12, 2020 the email including as attachments the two

---

[1] Counsel does not have conclusive evidence on the nature of the aliases, but unusual bank account information, secondary sources, and the pattern of three imposter profiles on LinkedIn is consistent with multiple incidences of identity theft.

summonses, the Amended Complaint and Exhibits. A new email address had been located by documents belatedly produced by one of the banks. Emails were sent to "patrickwaynefarms@outlook.com"; "patrickwaynefarms@consultant.com"; "godsonnguyen101@gmail.com"; butcherspride.frozenfoods@gmail.com and " rasulselp22@mail.com". An email "Read" receipt was received November 24, 2020 from the last, newest, email. (Exhibit 20 to Motion for Default)

9) Consistent with notice by publication, the undersigned, after checking with Counsel for Defendant LinkedIn Corporation, and "chat" support on LinkedIn to confirm that such a publication was permitted under the personal LinkedIn Terms of Service, Notice was Published on the undersigned's personal LinkedIn page November 12, 2020. (Exhibit 21 to Motion for Default)

10) Consistent with notice by publication, the undersigned created a Notice page and posted on the undersigned's personal Internet domain November 12, 2020. It emulates the appearance of the docket, but is limited in rows of documents so as to be easy to navigate to the Amended Complaint and Exhibits, which are linked files for viewing and download. (Exhibit 22 to Motion for Default)

11) Proof of service was filed November 13, 2020, Docket 29, and the Court issued an Order December 1, 2020 Ordering the Answer due December 3, 2020, Docket 31. A copy of the email reflecting due date was forwarded to the five JOHN DOE email addresses that day. (Exhibit 23 to Motion for Default)

III. **BASES FOR THIS MOTION**

The docket for December 9, 2020, six days after the due date for the Answer, shows no answer having been filed. A telephone conversation with an employee of the Clerk answering

4

312 435-5691 designated as the Input number[2] described procedures for processing a paper filing, if such had occurred. While no definite time frame was set, the employee advised that he would check with others in the Clerk's office and send an email to the undersigned's email as shown in the docket if anything were discovered. No report such report of any such paper submission has been received. The undersigned observes, by way of example, that JOHN DOE is a perpetrator of Internet based fraud, and would not appear to be a member of a class of litigants that is typically limited to paper filings. Expecting a paper filing seems highly unlikely

We have an email "read" receipt of the electronic service of summonses, Amended Complaint and Exhibits from one of the five used by John Doe (Exhibit F) although it was "read" November 24, 2020 twelve days after having been sent November 12, 2020, it was, nevertheless, read fifteen days before the Answer deadline of December 3, 2020. There was plenty of time for an electronically savvy person to contact their own lawyer, opposing counsel or the Clerk.

JOHN DOE has had actual notice, notice in compliance with Rule 4. Notice and opportunity to respond is all that is required. Davis v. Hutchins 321 F.3d 641, 54 Fed.R.Serv.3d 1101 (7th Cir., 2003)

Additionally, while WAYNE FARMS does not have the burden of showing fairness, fairness can be found from numerous instances of actual notice, coupled with JOHN DOE'S activities. For example, he used LinkedIn to perpetrate fraud, and LinkedIn is one of several platforms for publication. Additionally, his bank accounts were frozen so he had practical indication of the import of the proceedings. Different approaches in communication were tried,

---

[2] As the Court is aware, employees in the Clerk's office are following non-standard procedures in light of Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY and related Orders, and the person answering advised he was working from home.

sometimes informal text language, sometimes moderately routine businesslike language in emails, and, for the Summonses, Amended Complaint and Exhibits 1, 2, 3 and 4, "Please see attached Summons about the lawsuit. For additional information see http://www.pattmcoprlaw.com/IPLegalNotices.htm It's also on LinkedIn. There's a deadline for you to respond. Please give me a call." The Order setting the deadline – consistent with the Summonses already served – was forwarded with the crystal clear "Please see the Order below. Your Answer is due 12/3/2020." Hypothetically, some Defendant in some other case could say "but I didn't know … " but such an excuse here would be untenable.

To the contrary, communications were made to JOHN DOE for months. In addition to communications directly relating to Rule 4 compliant Notice pursuant to the Order, Docket 26, approving electronic service and publication (Exhibits 20, 21, 22 and 23) therefore a finding of default and entry of a Final Order is appropriate, there has been information communicated directly about the pending suit spaced variously between about one to three weeks from one another, from September 25, 2020 (Exhibits 15 and 16) to December 1, 2020 (Exhibit 23). At least two of the email addresses had been used to perpetrate the fraud as late as August, 2020. Defendant's conduct ignoring these case is an equivalent to '"willful refusal to comply with the minimum standards of conduct expected of all litigants." Davis, supra at 646,

IV. **THE MERITS OF THIS CASE SUPPORTS JUDGMENT FOR WAYNE FARMS**

This case generally involves issues surrounding trademark, copyright, right of publicity and false designation of origin. WAYNE FARMS is the Assignee of the right of publicity of the real Pat Gomez for purposes of this case.

Wayne Farms owns the rights which form a basis for its Complaint and this Motion. Wayne Farms owns three trademark registrations (Exhibits 1, 2, 3) and a copyright registration

(Exhibit 14). Wayne Farms has common law and use sufficient to support a false designation of origin claim regarding its trademarks and trade name.

    A.    <u>**TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN SHOWN BY OWNERSHIP OF RIGHTS AND LIKELIHOOD OF CONFUSION**</u>

Wayne Farms Exhibits show that it meets the two elements of a trademark infringement claim under the Lanham Act See 15 U.S.C. § 1125(a). The Exhibits show Wayne Farms' "mark is protected under the Lanham Act." *Barbecue Marx, Inc. v. 551 Ogden, Inc*., 235 F.3d 1041, 1043 (7th Cir. 2000). Both the plain words are registered (Exhibit 3) and the following special form with WAYNE FARMS and a BARN, SILO and TREE DESIGN[3]:



A comparison of the marks to those used by JOHN DOE in Exhibit 10's Data Sheet attachment shows the mark is identical. Exhibit 10[4] () uses the trade name Wayne Farms LLC and the email patrickwaynefarms@outlook.com Exhibit 7 uses the trade name Wayne Farms LLC and the email address patrickwaynefarms@consultant,com Exhibit 13 (to Motion for Ex Parte TRO, Docket 11) has as an attachment a LinkedIn message using the words Wayne Farms and both email addresses, patrickwaynefarms@outlook.com and patrickwaynefarms@consultant,com

---

[3] The registered drawing in black and white does not claim color – so its presumptions . 15 USC 1057 (b), apply to any color. The false designation of origin under 15 USC 1125 (a) is exacerbated by the use of identical coloration. Defendant was also on actual notice of the fact of registration through the use of the registration symbol "®"

[4] Exhibits 6 – 14 were previously filed as Exhibits to the Motion for an *Ex Parte* TRO, Docket 11. Unredacted versions were submitted at that time to permit *in camera* review. The Exhibits that accompany this Motion are the redacted versions.

With the Federal registrations it is presumed that "the mark is sufficiently distinctive to warrant prima facie protection as a trademark." *Spraying Sys. Co. v. Delavan, Inc.,* 975 F.2d 387, 392 (7th Cir. 1992); see 15 USC 1057 (b); *Park 'N Fly, Inc. v. Dollar Park 'N Fly, Inc*. 469 US 189, 83 LEd 2d 582, 105 SCt 658 (1985).

WAYNE FARMS has three trademark registrations that cover the marks at issue (Exhibits 1, 2, and 3, Docket 1-1, 1-2, 1-3). Confusion here is not only likely, it is inevitable and intentional. JOHN DOE has misappropriated Wayne Farms' identity and the only explanation can be to intentionally cause actual confusion.

### B. COPYRIGHT OWNERSHIP AND STRIKING SIMILARITY SHOW COPYRIGHT INFRINGEMENT

"To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. See Harper & Row, 471 US at 548. " *Feist Publ. Inc. v. Rural Tel. Serv. Inc*. 499 US 340, 111 S Ct 1282 (1991) Ownership is established for the purposes of this Motion by Exhibit 14, Registration Certificate TX 8-160-962, presumed valid. The BARN & SILO logo is a work of the visual arts and has been copied directly. *Peters v. West*, 692 F.3d 629 (7th Cir., 2012) The pictures are the same. There is copyright infringement. It appears on the display of anyone who saw the fake profile, including appearing on computers in the Northern District of Illinois.

WAYNE FARMS has a subsisting copyright on its 2015 website which includes, at least, the graphic works of the barn and silo design, copied by JOHN DOE (Exhibit 5 Wayne Farms website at www.waynefarms.com, Docket 1-5 ).

### C. RIGHT OF PUBLICITY

The offensive conduct described above was presented on a fake, or "imposter" profile on the social networking platform LinkedIn. The profile had two functions – to present the

8

infringing content and to tell a story to enhance the credibility of the fraud attempted, namely to solicit orders with advance payments made to accounts maintained by JOHN DOW under the pretense of WAYNE FARMS selling actual product, when in fact the orders were not presented to WAYNE FARMS, nor were the deposits, the practice comprising a scam to wrongfully solicit money. The solicitation of money is of sufficient commerciality to comprise use of a name and likeness for commercial purposes without authorization. The real Pat Gomez has assigned his personal right to WAYNE FARMS for the purposes of this litigation. (Exhibit 24)

### D. LINKEDIN PROFILE

JOHN DOE's fake Pat Gomez profile is shown in Exhibits 5, 9. In addition to the fake name, the profile lists employment at Wayne Farms and confusing descriptions of the employee's title and a description of a fake background. The purpose of the fake Profile is to either solicit contacts or to enhance the credibility of solicitations sent by JOHN DOE.

LinkedIn is not a passive service provider who exercises no control over content. LinkedIn provides a platform to permit persons to design profiles within the LinkedIn system so as to maximize their effectiveness – in this case effectiveness being credibility to make the advance fee scam work – as well as providing a communications platform. Exhibit 13, last page, appears to be a solicitation from JOHN DOE to a customer specifically using LinkedIn due to the appearance of the communication. LinkedIn's active participation and assistance in making credible profiles makes LinkedIn more like the credit card company in *Gucci America v. Frontline Processing Corp.*, 721 F. Supp. 2d 228 (S.D.N.Y 2010) or the flea market in *Coach, Inc. v. Farmers Mkt. & Auction*, 881 F.Supp.2d 695 (D. Md., 2012) than some hypothetical service provider merely providing computer communication services. Additionally, LinkedIn's own acts, or failure to act, render it liable – it was told Exhibit 5 was an imposter (Amended Complaint, Docket 23, ¶ 18) it was taken down (Id. ¶ 20) put back up again reported as an

imposter (Id. ¶ 21, 22) (Exhibit 9) and was not taken down until after August 28, 2020 (Exhibit 25) and probably not until LinkedIn was sued.

### E.   OUTRIGHT SOLICITATIONS

Apart from the passive appearance of the profile – although it has more active aspects available to make contact with the fake email address -- multiple customers were overtly contacted by JOHN DOE as fake Pat Gomez, including, but not limited to, Exhibits 6, 7 and 10.

In Exhibit 6 a customer states that an order was "placed" and referenced a phone number (204) 813-6903 for JOHN DOE.  In Exhibit 7 an email from patricwaynefarms@consultant.com is included in the email string, but at the bottom references "I received your message on the LinkedIn. …"  Both LinkedIn communication and direct email appear to have been used. Despite trying to have the fake Pat Gomez LinkedIn account closed (Exhibits 8 and 9)

Exhibit 10, the next day, is a forwarded email from the fake Pat Gomez to a Wayne Farms customer that included as an attachment a fake Wayne Farms LLC USA Data Sheet.  This is yet another document that used counterfeit trademarks to lend authenticity.  Exhibit 13 from a customer with a (773) area code – in the Northern District of Illinois -- has as an attachment a LinkedIn message using the words Wayne Farms and two email addresses, each of which includes "waynefarms": patrickwaynefarms@outlook.com  and patrickwaynefarms@consultant,com.   It is reasonable to conclude that during a worldwide public health crisis with supply chains for many products disrupted, these examples are a tip of an iceberg.

### F.   PERSONAL JURISDICTION

JOHN DOE used LinkedIn to promote his fraud nationwide, including the Northern District of Illinois.  This is not a case where he sought to limit contact with Illinois, *Illinois v. Hemi Group LLC*, 622 F.3d 758 (7th Cir. 2010).  Using LinkedIn creates as much personal

jurisdiction as using Godaddy. *uBid, Inc. v. Godaddy Grp. Inc.*, 623 F.3d 421 (7th Cir., 2010) – although LinkedIn is more of a participant than Godaddy. This is not just trademark infringement, although there was direct solicitation, already documented, of an Illinois customer. Exhibit 13, appears to use the LinkedIn platform and is directed to a customer with area code 773. Being copyright infringement, the tort occurs wherever the copyrighted work is reproduced, so viewing the unauthorized logo barn and silo artwork in a computer necessarily reproduces it so it can be seen. Anyone in Illinois who sees the unauthorized artwork places personal jurisdiction in Illinois by the tort occurring here.

V.      **GROUNDS FOR DEFAULT**

Rule 55(a) Fed. R. Civ. says "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." There is no ad damnum, so under Rule 55 (b) (2) provides for this Court to receive this Motion.

Despite service commensurate with the Summonses, Exhibit 20 and Order, Dkt 31, Exhibit 23 JOHN DOE has ignored these proceedings and failed to answer or otherwise plead in time. In addition, there have been numerous instances of actual notice, and indeed, the case has been in the news, https://lawstreetmedia.com/agriculture/wayne-farms-sues-linkedin-and-john-doe-for-trademark-infringement/ when first filed, and in the last several days, : https://www.nbcchicago.com/news/local/scammer-steals-online-profile-to-sell-chickens-worth-millions/2385973/ . This is not a case of merely ignoring formal notice – which is enough for a default – this is a case where with many opportunities to find out what is going on in court, JOHN DOE chose to ignore this Court.

VI. **CONCLUSION**

Accordingly, default judgment against JOHN DOE is appropriate, and WAYNE FARMS requests an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting, actual damages for trademark infringement statutory damages under 17 U.S.C. 504, for copyright infringement, actual, statutory and punitive damages under the Illinois Right of Publicity act, 765 ILCS 1075/40, permanent injunction substantially following the Preliminary Injunction Docket 27, an Order to Wells Fargo and BB and T Bank (and BB and T's current and related entities) forfeiting and paying over to WAYNE FARMS all funds identified by those banks pursuant to this Court's Orders, Docket 14, 17, 22 and 27, in addition to the injunction above, an Order prohibiting JOHN DOE from infringing or fraudulent activities including maintaining fake LinkedIn or other social media profiles, such as, but not limited to, those in Docket 19-1 and for attorney's fees and costs as provide for by at least the three cited statutes and such other relief as the Court may deem just.

Respectfully submitted,

Date: December 10, 2020    By: *David C. Brezina*
David C. Brezina (ID3121581)
Attorneys for Plaintiff, Wayne Farms LLC

Ladas & Parry LLP
David C. Brezina
Boris Umansky
224 S Michigan Ave, #1600
Chicago, IL 60604
(312) 427-1300
dbrezina@ladas.net

Appendix

| Exhibit List | Docket | Description | Date |
|---|---|---|---|
| Exhibit-1 | Docket 1-1 | Reg. No. 4371372 | September 1, 2020 |
| Exhibit-2 | Docket 1-2 | Reg. No. 4683867 | September 1, 2020 |
| Exhibit-3 | Docket 1-3 | Reg. No. 980466 | September 1, 2020 |
| Exhibit-4 | Docket 1-4 | Wayne Farms Website | September 1, 2020 |
| Exhibit-5 | Docket 1-5 | Defendant LinkedIn Profile | August 17, 2020 |
| Exhibit 6 | Docket 11 | Customer Solicitation | August 11, 2020 |
| Exhibit 7 | Docket 11 | Customer Solicitation | August 17, 2020 |
| Exhibit 8 | Docket 11 | Screen Shots Mobile LinkedIn Report Rose Locke | August 19, 2020 |
| Exhibit 9 | Docket 11 | Andrew Piper LinkedIn report | August 19, 2020 |
| Exhibit 10 | Docket 11 | Wayne Farms LLC Data Sheet | August 20, 2020 |
| Exhibit 11 | Docket 11 | Bank Account Screenshot (last four digits 6603 Wells Fargo) | August 26, 2020 |
| Exhibit 12 | Docket 11 | Bank Account Screenshot (last four digits 6395 BB&T) | August 25, 2020 |
| Exhibit 13 | Docket 11 | Customer Solicitation Using LinkedIn | August 31, 2020 |
| Exhibit 14 | Docket 11 | Reg TX 8-16-962 | April 29, 2015 |
| Exhibit 15 | Refers To Dkt 16 | Motion to extend the TRO | September 25, 2020 |
| Exhibit 16 | Refers To Dkt 16 | Motion to extend the TRO | September 25, 2020 |
| Exhibit 17 | Refers To Dkt 18, 19 | Notice of both Order extending TRO and the Motion for Preliminary Injunction | October 12, 2020 |
| Exhibit 16 | Refers To Dkt 17 | Text | October 12, 2020 |
| Exhibit 18 | Refers To Dkt 23, 24 | Amended Complaint | October 26, 2020 |
| Exhibit 19 | Refers To Dkt 27 | Preliminary Injunction forwarded | November 12, 2020 |
| Exhibit 20 | Refers To Dkt 23 | Summonses, Amended Complaint and Exhibits | November 12, 2020 |
| | Refers To Dkt 23 | "Read" receipt | November 24, 2020 |
| Exhibit 21 | Refers To Dkt 23 | LinkedIn Notice Published | November 12, 2020 |
| Exhibit 22 | Refers To Dkt 23 | Internet Notice Published | November 12, 2020 |
| Exhibit 23 | Refers To Dkt 31 | Order December 1, 2020 forwarded | December 1, 2020 |
| Exhibit 24 | | Assignment Right of Publicity | August 26, 2020 |
| Exhibit 25 | | Screen print LinkedIn profile | August 28, 2020 |

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be filed December 10, 2020 in the Northern District of Illinois - CM/ECF LIVE, Document Filing System, which will forward copies thereof to any counsel of record.

I will also serve a copy by electronic mail to:

(1) Defendant LinkedIn

    Jason Skaggs
    Skaggs Faucette
    530 Lytton Avenue
    2nd Floor
    Palo Alto CA 94301
    jason@skaggsfaucette.com

(2) Defendant John Doe:
    patrickwaynefarms@consultant.com
    patrickwaynefarms@outlook.com
    godsonnguyen101@gmail.com
    butcherspride.frozenfoods@gmail.com
    rasulselp22@mail.com

Date of Signature: December 10, 2020

David C. Brezina