IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE FARMS LLC | ) | Civil Action No.: 20-5191 |
| | ) | |
| Plaintiff, | ) | Judge Feinerman |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| JOHN DOE AND , | ) | |
| LINKEDIN CORPORATION | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**MOTION OF WAYNE FARMS LLC RULE 54 (B)**
**MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST JOHN DOE**

Now comes Plaintiff, Wayne Farms LLC, ("WAYNE FARMS") by its attorneys, Ladas & Parry LLP and hereby moves this court, having found Defendant JOHN DOE in default grant a final Default Judgment against JOHN DOE and in favor of WAYNE FARMS.

I.      **PROCEDURAL HISTORY**

The Court found JOHN DOE in Default, Order of December 17, 2020, Docket 37. WAYNE FARMS has establish its right to a final Default Judgment and an award of damages and an injunction.

As previously pointed out, WAYNE FARMS was likely to succeed on the merits when the Court issued a Temporary Restraining Order (TRO). (Dockets 13, 14) extended TRO (Docket 18) and Preliminary Injunction, (Dockets 22, 27). The Motion for Default Judgment, Docket 32 and Status Report Docket 36, along with the Amended Complaint, Docket 23 show JOHN DOE has committed trademark infringement (Count I) to such a degree it rises to trademark counterfeiting (Count II) the infringement and other misrepresentations such as the fake profile and deceptive communications comprise false designations of origin (Count III) and tarnish WAYNE FARMS' famous mark (Count IV) indeed part of the fraud was in copying the

1

artwork aspects of the WAYNE FARMS logo (Count V). The fraud was enabled by stealing Pat Gomez's name and identity (Count VII). Count VI primarily relates to contributory infringement by LinkedIn Corporation who is voluntarily dismissed contemporaneous herewith, no Answer or responsive pleading having been filed.

II. **THE MERITS OF THIS CASE SUPPORT JUDGMENT FOR WAYNE FARMS**

As described, this case involves issues surrounding trademark infringement (Counts I, II) false designation of origin (Count III) dilution (Count IV) , copyright infringement (Count V), and right of publicity (Count VII) and. WAYNE FARMS is the Assignee of the right of publicity of the real Pat Gomez for purposes of this case (Exhibit 24, Docket Document 33-11).

Jurisdiction and venue have been addressed in the Motion for Default, Docket 34 which is incorporated by reference as if fully set forth herein.

    A. **TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN SHOWN BY OWNERSHIP OF RIGHTS AND LIKELIHOOD OF CONFUSION**

Wayne Farms Exhibits 1, 2, 3, Dockets 32-2, 32-3, 32-4 show that it meets the first element of a trademark infringement claim under the Lanham Act See 15 U.S.C. § 1125(a). WAYNE FARMS' "mark is protected under the Lanham Act." *Barbecue Marx, Inc. v. 551 Ogden, Inc.*, 235 F.3d 1041, 1043 (7th Cir. 2000). Both the plain words are registered (Exhibit 3) and the following special form with WAYNE FARMS and a BARN, SILO and TREE DESIGN[1]:



---

[1] The registered drawing in black and white does not claim color – so its presumptions . 15 USC 1057 (b), apply to any color. The false designation of origin under 15 USC 1125 (a) is exacerbated by the use of identical coloration. Defendant was also on actual notice of the fact of registration through the use of the registration symbol "®"

With the Federal registrations it is presumed that "the mark is sufficiently distinctive to warrant prima facie protection as a trademark." *Spraying Sys. Co. v. Delavan, Inc.,* 975 F.2d 387, 392 (7th Cir. 1992); see 15 USC 1057 (b); *Park 'N Fly, Inc. v. Dollar Park 'N Fly, Inc*. 469 US 189, 83 LEd 2d 582, 105 SCt 658 (1985).

WAYNE FARMS has three trademark registrations that cover the marks at issue (Exhibits 1, 2, and 3, Docket 1-1, 1-2, 1-3). Confusion here is not only likely, it is inevitable and intentional. JOHN DOE has misappropriated Wayne Farms' identity and the only explanation can be to intentionally cause actual confusion.

The second element is use by defendant, in commerce, in a manner likely to cause confusion. A comparison of the marks to those used by JOHN DOE in Exhibit 10's Data Sheet attachment shows the mark is identical. Exhibit 10[2] (Docket 32-10) uses the trade name Wayne Farms LLC and the email patrickwaynefarms@outlook.com. Exhibit 7 uses the trade name Wayne Farms LLC and the email address patrickwaynefarms@consultant,com . Exhibit 13 (Docket 32-13) has as an attachment a LinkedIn message using the words Wayne Farms and both email addresses, patrickwaynefarms@outlook.com and patrickwaynefarms@consultant,com . Of course the fake profiles, Exhibits 5 (Docket 32-8) 9, (Docket 32-12) and Exhibit 25 (Docket 33-12) use the mark and the personal name and descriptive information of the real Pat Gomez deceptively.

### B. COPYRIGHT OWNERSHIP AND STRIKING SIMILARITY SHOW COPYRIGHT INFRINGEMENT

---

[2] Exhibits 6 – 14 were previously filed as Exhibits to the Motion for an *Ex Parte* TRO, Docket 11. Unredacted versions were submitted at that time to permit *in camera* review. The Exhibits that accompany the Motion for Default Judgment, Dockets 32-13, 32-14 are redacted versions.

The Supreme Court stated: "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. See Harper & Row, 471 US at 548. " *Feist Publ. Inc. v. Rural Tel. Serv. Inc*. 499 US 340, 111 S Ct 1282 (1991). Ownership is established for the purposes of this Motion by Exhibit 14, Registration Certificate TX 8-160-962, presumed valid. The BARN & SILO logo is a work of the visual arts and has been copied directly. *Peters v. West*, 692 F.3d 629 (7th Cir., 2012) The pictures are the same. There is copyright infringement. It appears on the display of anyone who saw the fake profile, including appearing on computers in the Northern District of Illinois.

WAYNE FARMS has a subsisting copyright on its 2015 website which includes, at least, the graphic works of the barn and silo design, copied by JOHN DOE (Exhibit 5 Wayne Farms website at www.waynefarms.com, Docket 1-5 ).

### C. RIGHT OF PUBLICITY

A fake, or "imposter" profile was published using the tools provided on the social networking platform LinkedIn. The profile presented the infringing content and told a story to enhance the credibility of the fraud -- soliciting orders with advance payments made to accounts of JOHN DOE. The pretense that WAYNE FARMS was selling the product was key. In fact, of course, orders were not presented to WAYNE FARMS, nor were the deposits. JOHN DOE was running a scam to wrongfully solicit money. This solicitation of money comprises use of a name and likeness for commercial purposes without authorization.

### D. OUTRIGHT SOLICITATIONS

Apart from the passive appearance of the profile – although it has more active aspects available to make contact with the fake email address -- multiple customers were overtly contacted by JOHN DOE as fake Pat Gomez, including, but not limited to, Exhibits 6, 7 and 10. In Exhibit 6 (Docket 32-9) a customer states that an order was "placed" and referenced a phone

number (204) 813-6903 for JOHN DOE.  In Exhibit 7 (Docket 32-10) an email from patricwaynefarms@consultant.com  is included in the email string, but at the bottom references "I received your message on the LinkedIn. …"  Both LinkedIn communication and direct email appear to have been used.   Despite trying to have the fake Pat Gomez LinkedIn account closed (Exhibits 8 and 9, Dockets 32-11, 12).

Exhibit 10 (Docket 32-13) shows an email from the fake Pat Gomez to a Wayne Farms customer that included as an attachment a fake Wayne Farms LLC USA Data Sheet.  This is yet another document that used counterfeit trademarks to lend authenticity.   Exhibit 13 (Docket 32-16) has a LinkedIn message using the words Wayne Farms and two email addresses, each of which includes "waynefarms":  patrickwaynefarms@outlook.com  and patrickwaynefarms@consultant,com.   These examples may be a tip of an iceberg.

### E.  LIABILITY AND REMEDIES

The foregoing show JOHN DOE is liable under Count I (Trademark Infringement) Count II (Trademark Counterfeiting) Count III (False Designation of Origin) Count IV (Dilution) Count V (Copyright Infringement) and VII (Right of Publicity).

Statutory Damages are awardable under Counts II, V and VII. Disgorgement and actual damages are available under Counts I, III and IV.  Injunctive relief is available under all counts.

WAYNE FARMS, for purposes of this motion, and without waiver of it full rights, should JOHN DOE later appear and be able to overcome the default, elects statutory damages and injunctive relief.

### 1.  STATUTORY DAMAGES FOR TRADEMARK COUNTERFEITING

An award of statutory damages serves both the interests that it is remedial and also protects an important public interest. Given the broader economic losses and harm from fraud

supported by counterfeiting, coupled with the possible dangers to customers who are tricked into making advance payments without real orders, it is important to both penalize JOHN DOE and try to deter future schemes.

The Lanham Act, 15 U.S.C. § 1117(c), enables a plaintiff in a case involving the use of a counterfeit mark to elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

WAYNE FARMS requests statutory damages of $100,000 for the July, 2020, first, fake profile and solicitations (Exhibit 5, Docket 32-8) which was taken down, (Amended Complaint, ¶ 20, Docket 23 Page 7) and for the restored fake profile that was present through, at least, August 28, 2020, days before the filing of the initial Complaint. (Exhibit 25, Docket 33-12) for a total of $100,000 in statutory damages. This could be calculated at a total that is half the maximum, or two awards of $50,000, one for each known posting of the fake profile. The solicitations documented could also be used as "per mark" multipliers.

*Luxottica Group S.p.A. v. Hao Li* 2017 WL 621966, Slip Op, February 15, 2017 (ND Ill 2017) discussed typical ranges of statutory damages in typical counterfeit product cases – but selling sunglasses for a hundred dollars or two is much less egregious than JOHN DOE soliciting thousands of dollars advance payment to ship a container of processed chicken parts.

> "See, e.g., Bulgari, S.P.A. v. Zou Xiaohong, No. 1:15-CV-05148, 2015 WL 6083202, at *4 (N.D. Ill., Oct. 15, 2015) (awarding $100,000 for one mark); Luxottica USA LLC v.

The Partnerships, et al., No. 1:14-CV-9061, 2015 WL 3818622, at *5 (N.D. Ill. June 18, 2015) (awarding $150,000 for three marks); Brown v. Walker, No. 1:06-CV-218, 2010 WL 2346242, at *7 (N.D. Ind. May 25, 2010), report and recommendation adopted as modified, No. 1:06-CV-218-TLS, 2010 WL 2346225 (N.D. Ind. June 9, 2010) (awarding $150,000 for three marks); Burberry Ltd. & Burberry USA v. Designers Imports, Inc., No. 07 Civ. 3997 (PAC), 2010 WL 199906, at *11 (S.D.N.Y. Jan. 19, 2010) (awarding $100,000 per mark per type of good for a total of $1,500,000); Deckers Outdoor Corp. v. Does 1–55, No. 1:11-CV-00010, 2011 WL 4929036, at *5 (N.D. Ill. Oct. 14, 2011) (awarding $750,000 per mark)."

WAYNE FARMS' request does not require consideration of willfulness, although there is more than adequate evidence for such a finding.

## 2. STATUTORY DAMAGES FOR COPYRIGHT INFRINGEMENT

Many of the same legal considerations apply to copyright infringement, Luxottica Group S.p.A. v. Li Chen 2017 WL 836228 (ND Ill 2017) stated "Although *Chi-Boy Music* [*v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991)] addressed the statutory damages scheme for copyright infringement, its analysis has been found equally applicable to determining statutory damages for trademark infringement. River Light V, L.P. v. Zhangyali, No. 15 CV 5918, 2016 WL 4429758, at *3 (N.D. Ill. Aug. 22, 2016)."

The range for non-willful copyright infringement is between $750 and $30,000. 17 U.S.C. § 504 (c). *Chi-Boy, supra*, stated: "district courts enjoy wide discretion in awarding fees and may consider various factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement." See F.E.L. Publications v. Catholic Bishop of Chicago, 754 F.2d 216, 219 (7th Cir.)"

7

WAYNE FARMS requests statutory damages of the full $30,000 in this instance. This is not a case, like *Chi-Boy*, of simply failing to pay for a license for music in dance classes (willful in Chi-Boy) it was solicitations of 30% down to ship a container of product (Exhibit 6, Docket 32-9; Exhibit 7, Docket 32-10)

### 3. STATUTORY DAMAGES FOR BREACH OF RIGHT OF PUBLICITY

The Illinois Right of Publicity Act 765 ILCS 1075/1 - 1075/60 is straightforward. For the reasons described above regarding election of statutory damages for trademark counterfeiting and copyright infringement. WAYNE FARMS elects statutory damages of $1000:

Sec. 40. Violations; monetary relief.

(a) A person who violates Section 30 of this Act may be liable for either of the following, whichever is greater:

(1) actual damages, profits derived from the unauthorized use, or both; or

(2) $1,000.

### 4. INJUNCTIVE RELIEF

WAYNE FARMS prays that the Court make the terms of the Preliminary Injunction Permanent and Final. Additionally, WAYNE FARMS prays that the banks be specifically ordered to disgorge the funds from the accounts used by JOHN DOE in perpetrating the fraud and pay those sums to WAYNE FARMS.

## III. CONCLUSION

Accordingly, judgment against JOHN DOE is should be entered with the Court ordering:

(1) WAYNE FARMS awarded statutory damages of $100,000 for trademark counterfeiting, 15 U.S.C. § 1117(c)(2) $30,000 for copyright statutory damages 17

U.S.C. 504, and $1000 under the Illinois Right of Publicity act, 765 ILCS 1075/40, for a total of $131,000;

(2) a permanent injunction substantially following the Preliminary Injunction Docket 27, and

(3) an Order to Wells Fargo and BB and T Bank (and BB and T's current and related entities) forfeiting and paying over to WAYNE FARMS all funds identified by those banks pursuant to this Court's Orders, Docket 14, 17, 22 and 27,

(4) attorney's fees, costs and expenses as provided for by at least 15 U.S.C. § 1117 (a); 17 USC 505 and 765 ILCS 1075/55; and

(5) such other relief as the Court may deem just.

        Respectfully submitted,

Date: December 23, 2020    By: *David C. Brezina*
        David C. Brezina (ID3121581)
        Attorneys for Plaintiff, Wayne Farms LLC

Ladas & Parry LLP
David C. Brezina
Boris Umansky
224 S Michigan Ave, #1600
Chicago, IL 60604
(312) 427-1300
dbrezina@ladas.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be filed December 23, 2020 in the Northern District of Illinois - CM/ECF LIVE, Document Filing System, which will forward copies thereof to any counsel of record.

I will also serve a copy by electronic mail to:

(1) Defendant LinkedIn

    Jason Skaggs
    Skaggs Faucette
    530 Lytton Avenue
    2nd Floor
    Palo Alto CA 94301
    jason@skaggsfaucette.com

(2) Defendant John Doe:
    patrickwaynefarms@consultant.com
    patrickwaynefarms@outlook.com
    godsonnguyen101@gmail.com
    butcherspride.frozenfoods@gmail.com
    rasulselp22@mail.com

Date of Signature: December 23, 2020

David C. Brezina