IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WAYNE FARMS LLC            Civil Action No.: 20 C 5191

    **Plaintiff**                             Judge Feinerman

V                                  Magistrate Judge Valdez

JOHN DOE AND
LINKEDIN CORPORATION

    **Defendants**

## ANSWER TO TEMPORARY RESTRAINING ORDER

    **NOW COMES TRUIST fka BRANCH BANKING AND TRUST COMPANY** (the "bank"), third party in the above-referenced action dated September 18, 2020 and answers the Search Warrant as follows:

_X_      At the time the Warrant was served upon the Bank, or at any time since then until the date of this Answer, the bank was and is indebted to the Defendants in the amounts listed below:

     a)    Checking account, ▮▮▮▮6851, Gracie Henderson: Balance, $ 2.00
     b)    Savings account, ▮▮▮▮6395, Gracie Henderson: Balance, $10.00

___      The Bank has no knowledge, information or belief that any other person is indebted to the Defendants or has any property of the Defendants in his possession.

This the 23rd day of September, 2020.

                                                     _____
                                                     Susan Berry
                                                      (910) 272-4247

Susan Berry, being first duly sworn, deposes and says:

That he/she is a Deposit Operations IRS Specialist of Truist fka Branch Banking and Trust Co. ("BB&T") and he/she has read the foregoing Answer and that the same is true and correct based upon his/her review of Truist fka BB&T's records, except as to those matters therein alleged on information and belief and as to those he/she believes them to be true.

SWORN TO AND SUBSCRIBED BEFORE ME

This the 23rd Day of September, 2020.

_Helen Britt Clewis_
Notary Public

My Commission Expires:

[Notary Seal: HELEN BRITT CLEWIS, NOTARY PUBLIC, ROBESON COUNTY, NC, MY COMMISSION EXPIRES 2/25/2021]

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| WAYNE FARMS LLC ) | Civil Action No.: 20 C 5191 |
| ) | |
| Plaintiff, ) | Judge Feinerman |
| v. ) | |
| ) | Magistrate Judge Valdez |
| JOHN DOE AND , ) | |
| LINKEDIN CORPORATION ) | |
| ) | |
| Defendants ) | |

### TEMPORARY RESTRAINING ORDER

THIS CAUSE being before the Court on Plaintiff Wayne Farms LLC's Motion for Entry of an *Ex Parte* Temporary Restraining Order, against Defendant JOHN DOE, Wayne Farms having appeared by its Counsel, as provided by Sixth Amended General Order 20-0012 and the orders of this Court, the Court being fully advised of the premises, the Court orders:

1. Defendant JOHN DOE, his or its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

    a. using the WAYNE FARMS Trademarks or any reproduction, counterfeit copy or colorable imitation thereof in any manner in connection with the distribution, advertising, offering for sale, or sale of any product that is not a genuine WAYNE FARMS product or not authorized by Wayne Farms to be sold or offered for sale in connection with the WAYNE FARMS Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine WAYNE FARMS Product or any other product produced by Wayne Farms, that is not Wayne Farms' or not produced under the authorization, control or supervision of

1

Wayne Farms and approved by Wayne Farms for sale under the WAYNE FARMS Trademarks;

c. committing any acts calculated to cause customers or potential customers to believe that Defendant JOHN DOE's products are those offered for sale, sold or offered under the authorization, control or supervision of Wayne Farms, or are sponsored by, approved by, or otherwise connected with Wayne Farms;

d. infringing the WAYNE FARMS Trademarks and damaging Wayne Farms' goodwill;

e. otherwise competing unfairly with Wayne Farms or deceiving customers or prospective customers in any manner;

f. copying, displaying, publishing, distributing any work that is substantially similar to the content of the Wayne Farms website or derived therefrom;

g. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Wayne Farms, nor authorized by Wayne Farms to be sold or offered for sale, and which bear any of the WAYNE FARMS Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

h. using, linking to, transferring, selling, exercising control over, operating or changing ownership or registration of the Defendant JOHN DOE LinkedIn account or profile (hereafter "Defendant JOHN DOE Profile") or any other domain name or online marketplace account that is being used to sell or is the means by which Defendant JOHN DOE could continue to sell or offer for sale deceptively indicated WAYNE FARMS Products; and

      i.      operating and/or hosting pages, accounts or websites using or based upon the Defendant JOHN DOE Profile and any other content, accounts or domain names registered or operated by Defendant JOHN DOE using "WAYNE FARMS " or "Pat Gomez" that are involved with the offering for sale, distribution, advertising, or sale of any product, or soliciting contracts, shipments, offers, acceptance of offers or payment of funds using any communication bearing the WAYNE FARMS Trademarks, the name Pat Gomez or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine WAYNE FARMS Product or communication or not authorized by Wayne Farms to be sold or offered for sale in connection with or communicated using the WAYNE FARMS Trademarks.

      2.      Any accounts, profiles, pages, domain name registry(ies) for the Defendant JOHN DOE's Name including, but not limited to, LinkedIn Corporation shall, upon receipt of this Order, block, or otherwise take down (but preserve) the contents of Defendant JOHN DOE's account, pages or website for the duration of this Order.

      3.      Those in privity with Defendant JOHN DOE and with actual notice of this Order, including, but not limited to LinkedIn Corporation, shall block, or otherwise take down (but preserve) the contents of Defendant JOHN DOE's account, pages or website for the duration of this Order.

      4.      For purposes of this order the term "banks, savings and loan associations, payment processors, clearing houses, or other financial institutions with whom Defendant JOHN DOE has accounts" includes the accounts identifiable by the information below:

a. Wells Fargo Bank

    Account Number 5837226603, and

any account with reference to any the following:

Wayne Farms LLC

Wayne Farms LLC USA

Phone, text, WhatsApp or mobile number +1 (204) 813-6903

Email: patrickwaynefarms@consultant.com

Email: patrickwaynefarms@outlook.com

Call or text : +1 323 486 5804

b. B B & T Bank

Account Number 4110004156395 and

any account with reference to any the following:

Wayne Farms LLC

Wayne Farms LLC USA

Phone, text, WhatsApp or mobile number +1 (204) 813-6903

Email: patrickwaynefarms@consultant.com

Email: patrickwaynefarms@outlook.com

Call or text : +1 (323) 486 5804

5. Any banks, savings and loan associations, payment processors, clearing houses, or other financial institutions with whom Defendant JOHN DOE has the above-referenced accounts, shall, upon receipt of this Order:

a. Locate all accounts and funds connected to Defendant JOHN DOE, Defendant' LinkedIn or Email Accounts;

    b.    Restrain and prevent such accounts from receiving, transferring or disposing of any money or other of Defendant JOHN DOE's assets until further ordered by this Court and

    c.    Provide a full accounting of activity in said accounts within ten days, which may be extended for good cause shown or by agreement with Plaintiff.

6.    Defendant JOHN DOE, his or its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them, social networking sites, domain name registry(ies) email service providers or website host shall preserve copies of all materials, data and documents that relate, refer to or reflect the use, registration and content enjoined in the preceding paragraphs, third party processors, banks, financial clearing houses and other payment processing service providers, shippers, domain name registrars and domain name registries (collectively, the "Third Party Providers") shall, preserve copies of all documents and records in such person's or entity's possession or control relating to Defendant JOHN DOE.

7. Defendant JOHN DOE and any other parties subject to this Order may appear and move to dissolve or modify the Order.

8. The Court determines at this time no bond is necessary to be posted by Wayne Farms, without prejudice to Defendant JOHN DOE presenting to this Court good cause for a bond requirement.

9.    This Order shall be in force for fourteen days from the date of entry.

                                                                                     _____
                                                                                     United States District Judge